■ CITY OF NEW YORK, Appellant-Respondent, v LONG ISLAND RAILROAD COMPANY, Respondent-Appellant.—Order, Supreme Court, New York County, entered on June 7, 1973, denying the motion and cross motion of the parties hereto for summary judgment, modified, on the law, to the extent of granting plaintiff's motion for summary judgment for the relief demanded in the complaint. Plaintiff-appellant-respondent shall recover of defendant-respondent-appellant $60 costs and disbursements of this appeal. Solely an issue of law is raised by virtue of the city's concession that the difference between the $60,000 rental fixed in the April 30, 1895 lease modification, and the $195,000 rental set in the May 28, 1940 modification, "represented the amount of taxes which had been assessed against the property in the previous year* * *the modification, therefore, * * *assured [the city] that when it became the owner of the leased premises it would not lose the $135,000 that it had formerly collected by taxes" (September 17, 1940, Resolution by the Board of Transportation). The 1940 modification, for the first time transferred to the lessor the obligation to pay whatever taxes might be levied upon the subject property. The defendant's claim that its take-over by the Metropolitan Transit Authority (MTA) in 1966 exempted it from the obligation to pay taxes and hence most of the rent sought herein as well as franchise taxes and its contention that the 1940 modification violates section 1 of article XVI of the New York State Constitution are without merit. The city did not, by the 1940 lease modification, release or surrender its sovereign power to tax. What was affected by that modification was the contractual right of the city's predecessor in title to have the lessee be primarily liable for taxes on the property. The city merely gave up a contractual right and not a sovereign power. Nor does section 1275 of the Public Authorities Law lessen or eliminate the defendant's liability to pay the $195,000 annually, which liability is predicated solely on the terms of the lease contract and modifications thereof. Section 1275 does not apply to or exempt defendant from its contractual obligations. That section extends only to taxes per se and not to rent due pursuant to contract. Concur—Capozzoli, Lane and Nunez, JJ.; Kupferman, J. P., and Murphy, J., who dissent and would affirm on opinion of Massi, J., at Trial Term. Settle order on notice.