■    CITY OF NEW YORK, Appellant, v LONG ISLAND RAILROAD COMPANY, Defendant and Third-Party Plaintiff-Respondent. HIRAM WALKER PROPERTIES, INC., et al., Third-Party Defendants.—Order, Supreme Court, New York County, entered August 5, 1975, denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment, affirmed, without costs or disbursements. The Long Island Railroad Company had been granted the privilege of using and occupying certain streets in Kings and Queens Counties and, in consideration therefor, certain sums of money were paid to the city annually. In January, 1966, the Long Island Railroad was purchased by the Metropolitan Transportation Authority pursuant to statutory authorization (Public Authorities Law, § 1266). The MTA refused to pay these fees. The City of New York brought this action and the MTA, *inter alia,* counterclaimed for a return of the deposits posted with the city to assure payment of the fees. Special Term granted summary judgment to the MTA and we would affirm. Section 1275 of the Public Authorities Law, in pertinent part, provides: "The authority shall be required to pay no *fees, taxes* or assessments, whether state or local, including but not limited to fees, taxes or assessments on real estate, franchise taxes, sales taxes or other excise taxes, upon any of its property, or upon the use thereof". (Emphasis added.) The statute clearly and unambiguously exempts the MTA from payment of fees or taxes. That these amounts were paid pursuant to agreement rather than by levying of the sovereign does not diminish our finding that they are nonetheless taxes. The fee paid by the railroad was for the privilege of carrying on its business and was therefore in the nature of a tax *(Matter of New York & Queens Elec. Light & Power Co. v Delaney,* 229 NY 184). Our decision in *City of New York v Long Is. R. R. Co.* (49 AD2d 540) is not contradictory of the result reached in the case at bar, since that case involved arrearages in rent based on a contract of lease, and the city was therefore entitled to enforce the contractual obligations agreed upon. Concur—Stevens, P. J., Lupiano, Lane and Lynch, JJ.; Kupferman, J., dissents and would reverse and grant summary judgment to plaintiff on the authority of *City of New York v Long Is. R. R. Co.* (49 AD2d 540).