OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In 1877 Atlantic Avenue Railroad Company leased railroad right-of-way property to appellant, Long Island Railroad Company, for a term of 99 years at an annual rental computed on gross receipts from the operation of the leased property. The lessee agreed to pay all real estate taxes levied on the property. In 1895 the lease was modified to provide for a flat annual rental of $60,000; the lessee’s obligation to pay real estate taxes was not changed. Thereafter Atlantic Avenue Railroad, the lessor, was acquired by Brooklyn and Queens Transit Corporation.
By modification agreement dated May 28, 1940 between Brooklyn and Queens Transit and Long Island Railroad, the lease was extended for a term of 60 years from May 31, 1940; rental was fixed at a flat annual sum of $195,000; the lessee was relieved of its agreement to pay real estate taxes; and the lessor expressly assumed responsibility for payment of any such taxes. The modification agreement was conditioned on consummation of a proposed "Unification Plan” whereby New York City would acquire all the properties of Brooklyn and Queens Transit Corporation. On June 1, 1940 the Unification Plan was consummated and the city became owner of the railroad property. No real property taxes have been paid on the property since that date.
On January 26, 1966 Long Island Railroad became a wholly owned subsidiary of the Metropolitan Transportation Authority, and since that date has paid the city no rental, claiming that section 1275 of the Public Authorities Law entitles it to a *782 reduction in rent.* Its contention is that $135,000 of the annual rental claimed by the city represents real estate taxes or their equivalent and that under section 1275 it is exempt from the payment of such taxes.
The city concedes that the $135,000 increase in annual rental under the 1940 modification agreement had its genesis in the amount of real property taxes then being paid by the lessee pursuant to its obligation to pay such taxes under the pre-1940 terms of the lease. That the amount of rent was fixed by the parties in relation to the current amount of taxes does not serve to alter the fact that the lessee’s obligation thereby became one to pay rent and not taxes. The agreement to pay the substantially increased rental was in consideration at least in part for the extension of the term of the lease from 1976 to the year 2000. It would make no difference if it were established that it was the precise intention of the parties to convert the city’s right to income from a taxation basis to a rental basis. Section 1275 cannot be construed to relieve Long Island Railroad of its contract obligation to pay rent as distinguished from any obligation to pay real property or franchise taxes.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.