OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, plaintiff’s motion for summary judgment should be granted and defendant third-party plaintiff’s cross motion for summary judgment should be denied.
Pursuant to certain consents and franchises, The Long Island Railroad Company was granted the privilege of using and occupying certain streets in the Boroughs of Brooklyn and Queens, in consideration for which it paid certain sums of money annually to the City of New York. On January 20, 1966, said railroad was acquired by the Metropolitan Transportation Authority pursuant to power conferred by section 1266 of the Public Authorities Law. The authority refused to continue payment, contending that under section 1275 of said law it is exempt from paying State or local fees, taxes or assessments upon any of its property or upon the use thereof *829 and that the railroad, as its subsidiary corporation, is entitled to all of the privileges, immunities, tax exemptions and other exemptions of the authority itself, pursuant to subdivision 5 of section 1266.
The amounts allegedly due stem from contractual obligations rather than a liability to pay real property or franchise taxes and, therefore, section 1275 does not relieve the Long Island Railroad of their payment (City of New York v Long Is. R. R. Co., 49 AD2d 540, affd 43 NY2d 780). There is a critical distinction between a tax as contemplated by section 1275 and the consents and franchises involved herein, the former being imposed by the sovereign and the latter being based on the voluntary action of the parties (see Real Property Tax Law, § 102, subd 20; Sands v Manistee Riv. Improvement Co., 123 US 288, 294; Central Sav. Bank v City of New York, 279 NY 266, 280, cert den 306 US 661). Significantly, the 1972 Legislature added section 1267-b to the Public Authorities Law, under subdivision 2 of which it is provided: "In addition to the powers provided elsewhere in this title * * * [the Metropolitan Transportation Authority] may : * * * b. Occupy the streets of the city of New York, without further consent or payment, in the course of constructing and thereafter owning a transit facility” (L 1972, ch 576, § 3, eff May 24, 1972). We have a right to assume that the Legislature did not deliberately enact this statutory provision without a purpose (Matter of Smathers, 309 NY 487, 495).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.